## DOUGLAS v. DE LAITTRE.

(Circuit Court, D. Minnesota, Third Division. October 31, 1892.)

DEED—POWER OF ATTORNEY.

 An irrevocable power of attorney to sell and convey land, coupled with a release to the attorney of the grantor's claim to the proceeds of any sales made by the attorney, does not vest in the attorney the title to the land.

At Law. Suit in ejectment brought by George Douglas against John De Laittre. Judgment for defendant.

W. C. Goforth, for plaintiff.

Jackson & Atwater, (E. C. Chatfield, of counsel,) for defendant.

NELSON, District Judge. This is a suit in ejectment, and a jury being waived, per stipulation filed, it is tried to the court. The following facts are found:

That the land in question was entered in 1873, and patents therefor issued. Each of the patentees, in 1873, duly executed and delivered to one George W. Chowen, for a valuable consideration, instruments in writing, one of which is here given as follows:

"Know all men by these presents, that I, James McDonald, of the county of Ramsey, in the state of Minnesota, have made, constituted, and appointed, by these presents do make, constitute, and appoint, George W. Chowen, of Hennepin county, in the state of Minnesota, my true and lawful attorney, for me, and in my name, place, and stead, to enter into and upon, and take possession of, any and all pieces and parcels of land, or the timber and other materials thereon, in the state of Minnesota, which I now own, or which I may hereafter acquire or become seised of, or in which I may now or hereafter be in any way interested, and to prosecute and defend any and all suits at law in the courts of said state of Minnesota, or of the United States, relating to the title to said lands; and I further authorize and empower my said attorney to grant, bargain, sell, demise, lease, convey, and confirm said land, or any part thereof, or the right to sever and remove timber and other materials therefrom, to such person or persons, and for such prices, as to my said attorney shall seem meet and proper, and thereupon to execute, acknowledge, and deliver, in my name and on my behalf, any deeds, leases, contracts, or other instruments, sealed or unsealed, and with or without covenants and warranty, as shall to him seem meet, to carry out the foregoing powers, with full power to my said attorney to appoint a substitute or substitutes to perform any of the acts which my said attorney is by this instrument authorized to perform, with the right to revoke such appointments at pleasure. Hereby giving and granting to my said attorney and his said substitutes full power to do and perform everything proper or convenient in carrying out and executing said powers, as fully as I could do if personally present, and acting in the premises. And in consideration of the sum of two hundred and fifty dollars to me in hand paid by my said attorney at the ensealing hereof, the receipt whereof I do hereby acknowledge, I do further appoint and ordain that my said attorney is hereby irrevocably vested with the powers above granted, and I do hereby forever renounce all right in me to revoke any of said powers, or to appoint any person other than my said attorney to execute the same, and forever renounce all right on my part personally to do any of the acts which my said attorney is hereby authorized to perform, and do hereby release unto my said attorney all my claim to any of the proceeds of any sale, lease, or contract relative to said land, or timber or material thereon. And I hereby revoke all powers of attorney by me heretofore made, authorizing any person to do any act relative to any part of said lands. Hereby ratifying and confirming what-

soever my said attorney, or any substitute appointed by him, may do in the premises by virtue hereof. In witness whereof, I have hereunto set my hand and seal this 22d day of April, A. D. 1873.

"James McDonald. [Seal.]

"Signed, sealed, and delivered in presence of
  "Archy McDonald.
  "Dana White."

"State of Minnesota, county of Ramsey—ss.: On this 22d day of April, A. D. one thousand eight hundred and seventy-three, before me personally appeared James' McDonald, personally known to me to be the individual described in, and who executed, the foregoing instrument, and acknowledged to me that he executed the same freely and voluntarily, and for the uses and purposes therein mentioned. In witness whereof, I have hereunto set my hand and affixed my official seal on the day and year in this certificate first above written.                                                    Dana White,
  [Notarial Seal.]                                   "Notary Public, Ramsey Co., Minn."

Subsequently, Chowen, as attorney in fact for said patentee, executed certain warranty deeds to one Rufus J. Baldwin, and the latter on December 1, A. D. 1875, duly executed a mortgage on the property to Henry A. Stinson. All of the instruments above mentioned were duly recorded. The mortgage to Stinson was duly foreclosed under a power of sale in said mortgage, and after legal notice, as required by the statutes of Minnesota, and the property therein described was sold by the proper sheriff on July 18, 1881, to the defendant, John De Laittre, and a certificate of sale duly executed by the sheriff, and recorded. On July 17, 1882, George W. Chowen made a quitclaim deed to George Douglas, the plaintiff. No redemption was ever made from the foreclosure sale.

It is claimed that the instruments executed by the patentees to George W. Chowen conveyed the fee in the land to him, and that the deed to Baldwin, executed by George W. Chowen as attorney in fact, through which the defendant claims title, is a nullity, and void. These instruments executed and delivered to Chowen are destitute of any greater legal effect than the creation of an irrevocable power of attorney, the fee of the land remaining in the patentees. Chowen, executing the deeds to Baldwin as attorney in fact for the patentees, conveyed the fee in the land therein described; and the defendant, claiming through Baldwin, has the title, and is entitled to a judgment. Let judgment be entered accordingly.